UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD, | No. 2:22-cv-01225-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He commenced this civil action in the Sacramento County Superior Court and defendant Kathleen Allison removed it to federal court on July 12, 2022.[1]  Defendant Allison requests that the court screen the complaint pursuant to 28 U.S.C. § 1915A and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim.  ECF No. 1 at 3.  After reviewing the complaint pursuant to § 1915A, the court concludes that it fails to state a cognizable claim and must be dismissed with leave to amend.

/////

/////

---

[1] Defendant Allison was served on June 14, 2022. ECF No. 1 at 2.  The complaint also names Stephanie Welch, Chief Counsel for CDCR, as a defendant, but Welch has not been served. *Id.*

1

Jurisdiction

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Among various state law claims, plaintiff sues Kathleen Allison, Secretary for CDCR and Stephanie Welch, Chief Counsel for CDCR, for violating the Takings Clause under the Fifth and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 10, 11, 13, 18-20. Plainly, plaintiff has raised a federal claim over which this court has jurisdiction. *See Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). This court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In a filing entitled "Objection to Removal of State Complaint to Federal Court," plaintiff requests that this action be remanded to state court. ECF No. 5 at 3. Plaintiff observes that co-defendant Stephanie Welch, Chief Counsel for CDCR, did not join in the petition for removal. *Id.* at 2. Welch, however, has not been properly served (*see* ECF No. 1 at 2, 5), and parties who have not been served are not required to join in a petition for removal. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Moreover, plaintiff concedes the existence of federal question jurisdiction, stating, "there is only one federal constitutional violation[] . . . and that was Plaintiff's Fourteenth Amendment to be denied due process . . . ." *Id.* at 2. Plaintiff's objection, construed as a motion to remand this action to state court, is denied.

Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

/////

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### Screening Order

The gist of plaintiff's complaint is that CDCR has maintained an inmate trust account for plaintiff without plaintiff's consent and has been taking plaintiff's interest. ECF No. 1 at 15. Plaintiff, relying on the case of *Schneider v. Cal. Department of Corrections*, 345 F.3d 716 (9th Cir. 2003), alleges that this is a taking of private property for public purposes in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. ECF No. 1 at 15, 18-19. It appears that plaintiff also intends to allege a due process violation. *See* ECF No. 5 at 2. "Due process claims, like Takings Clause claims, require a showing of a . . . property interest protected by the Constitution*.*" *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1226 (9th Cir. 2018) (internal quotations omitted). Plaintiff's federal claims cannot survive screening because plaintiff has not alleged any facts showing that interest accrued on his inmate trust account. Absent such an allegation, plaintiff has not shown he was deprived of a protected property interest without due process or that his property was taken without just compensation in violation of the Takings Clause. In any amended complaint, plaintiff must specify whether interest accrued on his inmate trust account.

Plaintiff also asserts several claims based on state tort law. The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis

1  added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege
2  compliance with the claim presentation procedure, or circumstances excusing such compliance, in
3  his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Here, plaintiff
4  vaguely claims that he has "certainly satisfied this requirement timely." ECF No. 1 at 10, ¶ 5.
5  This is not sufficient to plead compliance with the claim presentation procedure. If plaintiff
6  wishes to pursue his state law claims in an amended complaint, he must "allege *facts*
7  demonstrating [ ] that a claim was timely presented . . . ." *Shirk*, 42 Cal. 4th at 209 (emphasis
8  added).

Leave to Amend

10  Plaintiff is cautioned that any amended complaint must identify as a defendant only
11  persons who personally participated in a substantial way in depriving him of his constitutional
12  rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the
13  deprivation of a constitutional right if he does an act, participates in another's act or omits to
14  perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also
15  include any allegations based on state law that are so closely related to his federal allegations that
16  "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

17  The amended complaint must also contain a caption including the names of all defendants.
18  Fed. R. Civ. P. 10(a).

19  Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
20  *George*, 507 F.3d at  607. Nor, as mentioned above, may he bring unrelated claims against
21  multiple defendants. *Id.*

22  Any amended complaint must be written or typed so that it so that it is complete in itself
23  without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended
24  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
25  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
26  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
27  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
28  1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's "Objection to Removal of State Complaint to Federal Court," construed as a request to remand this action to state court (ECF No. 5), is DENIED.
2. The Clerk of the Court shall send plaintiff a copy for the form to be used by a prisoner in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983.
3. Plaintiff's complaint (ECF No. 1, Ex. A) is dismissed with leave to amend within 30 days of service of this order. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: November 2, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE