UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-01225-DAD-EFB (PC)<br><br>FINDINGS & RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On December 20, 2023, defendants Allison and Diaz filed their Rule 12(b)(6) motion to dismiss the claims against them for failure to state a claim.  ECF No. 36.  On January 16, 2024, defendant Cates filed his motion for summary judgment and a motion to stay discovery based on plaintiff's failure to exhaust his administrative/grievance remedies.  ECF Nos. 39, 40.

　　　　On June 13, 2024, plaintiff was ordered to file an opposition or a statement of non-opposition to each of the pending motions within thirty days.  In that same order, plaintiff was informed that failure to comply with the court's order may result in a waiver of opposition to the motions or dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

　　　　The thirty-day period expired, and plaintiff did not respond to the court's order or file any opposition to any of the pending motions.

1

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court considered the five factors set forth in *Ferdik*. Here, as in *Ferdik*, the first two factors strongly support dismissal of this action. The action has been pending for two years and reached the stage for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. Plaintiff's failure to comply with the Local Rules and the court's June 13, 2024 order suggests that he abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, if any, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal. The court informed plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, and cautioned him of the consequence of not responding, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth *supra*, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. *See*

*Ferdik*, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE